1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                       FOR THE DISTRICT OF OREGON

11                          PORTLAND DIVISION

12  JAMES WILLIAM ROBINSON,        )
                                   )
13               Plaintiff,        )
                                   )        No.  CV-10-723-HU
14       v.                        )
                                   )
15  STARPLEX/CMS EVENT SECURITY,   )        FINDINGS & RECOMMENDATION
                                   )
16               Defendant.        )
    ───────────────────────────────)

17

18  James William Robinson
    12475 S.W. Harlequin Drive
19  Beaverton, Oregon 97007

20       Plaintiff Pro Se

21  Anne E. Denecke
    ANNE E. DENECKE, P.C.
22  811 S.W. Naito Parkway, Suite 420
    Portland, Oregon 97204

23       Attorney for Defendant

24  HUBEL, Magistrate Judge:

25       Pro se Plaintiff James William Robinson brings this action

26  against defendant "Starplex/CMS Event Security."  Defendant moves

27  to  dismiss  plaintiff's  Amended  Complaint  for  failure  to

28  sufficiently plead jurisdiction, for failure to state a claim, or

1 - FINDINGS & RECOMMENDATION

1  for failure to exhaust administrative remedies.[1]  I recommend that
2  the motion be granted.[2]

3                              BACKGROUND
4      Plaintiff initially filed this action on June 23, 2010.  With
5  the original Complaint, plaintiff moved to proceed *in forma*
6  *pauperis*.  In a July 19, 2010 Order, Judge Redden granted the *in*
7  *forma pauperis* motion, but sua sponte dismissed the Complaint for
8  failure to comply with Federal Rule of Civil Procedure 8, both
9  because the Complaint failed to contain proper jurisdictional

---

11   [1] Defendant notes in its motion that it assumes plaintiff
12  intended to name "Starplex Corporation," defendant's business
13  name, as the defendant.  Deft's Mtn. at p. 1. n.1.  Starplex
14  Corporation has a registered assumed business name of "Crowd
15  Management Services."  Id.  Because Starplex is unaware of the
16  entity plaintiff refers to as "CMS Event Security," defendant
17  reserves the right to make defendant's identity more definite and
19  certain.

20   [2] Plaintiff filed no written response to the motion, but he
21  did appear at oral argument and presented an oral response.  He
22  noted that he is not an attorney and that his prior requests for
23  court-appointed counsel have been denied.  I informed him orally,
24  and do so here again, that plaintiff should familiarize himself
25  with the Federal Rules of Civil Procedure and this Court's Local
26  Rules of Civil Procedure.  I also referred him to the Multnomah
27  County Law Library and this Court's website.

2 - FINDINGS & RECOMMENDATION

allegations and failed to contain information sufficient to
understand what claim(s) plaintiff was bringing.   July 19, 2010
Ord. at pp. 2-6 (dkt # 5).  Plaintiff was allowed thirty days in
which to submit an Amended Complaint in compliance with the Federal
Rules of Civil Procedure.

Plaintiff's Amended Complaint was timely filed on August 19.,
2010.  Defendant received an extension of time in which to respond,
and then filed the instant motion.

The document plaintiff filed on August 19, 2010, bears no
caption, but I construe it as an Amended Complaint.  It is an
assemblage of pages, some of which appear to contain allegations,
and others are clearly marked as exhibits.  Page 1 contains the
names of the parties and their addresses.  Page 2 repeats the names
of the parties and their addresses, and adds a table of contents.
Page 3, entitled "Complaint Amendment(s)," and page 4 entitled
"Charges," contain various allegations discussed below.  Page 10
and 11 contain a "Brief Summary," and page 12 contains an "Exhibit
Summary," additional allegations, the date, and plaintiff's
signature.  In between pages 4 and 10 are eight pages of exhibits,
marked at Exhibits 1-5.

The allegations are somewhat disjointed and unclear.  However,
plaintiff appears to be bringing a claim or claims based on what he
believes to be an unlawful termination due to a disability and/or
having filed a worker's compensation claim. See Am. Compl. at p.
3 (noting that this case is about injured or disabled employees),
p. 4 (containing various allegations indicating that plaintiff was
wrongfully terminated while recovering from an on-the-job injury
and while his workers' compensation claim was pending), p. 10

3 - FINDINGS & RECOMMENDATION

1  (alleging plaintiff was wrongfully terminated while recovering from
2  on-the-job injury which occurred on April 1, 2006); <u>see</u> <u>also</u>
3  Exhibit 1 (complaint filed with Oregon's Bureau of Labor and
4  Industries (BOLI) alleging that plaintiff was treated differently
5  and not accommodated because of his physical disability, and
6  alleging that he was discriminated against because of his workers'
7  compensation claim).

8      Aside from this, it is difficult to glean from plaintiff's
9  Amended Complaint, precisely what he contends.  It is clear that
10 defendant is plaintiff's former employer.  Additionally, plaintiff
11 contends that he received various outstanding performance awards
12 and was a model employee.  Am. Compl. at p. 4.  He contends he
13 suffered an on-the-job injury on April 1, 2006.  <u>Id.</u>  He indicates
14 that he continued to work with limitations, including a brace on
15 his right hand and right wrist, until October 14, 2006.  <u>Id.</u> at p.
16 10.  He alleges there was a workers' compensation hearing on
17 October 20, 2006, at which time the case was put "in a holding
18 process," until affidavits from physicians were reviewed by the
19 Workers' Compensation Board.  <u>Id.</u>  Plaintiff further alleges that
20 defendant contends plaintiff resigned in November 2006, when
21 plaintiff states he called in regularly until March 2007, when he
22 was informed that he would not be scheduled to work until he was
23 100% physically fit to work.  <u>Id.</u> at p. 12.

24     Although not labeled as "damages," plaintiff seeks to recover
25 wages he should have earned had he continued working for defendant,
26 in the sum of $105,000.  <u>Id.</u>  It is unclear if he seeks further
27 damages.  <u>Id.</u>

28     In addition to these allegations, plaintiff includes five

4 - FINDINGS & RECOMMENDATION

exhibits as follows:  (1) one page BOLI complaint dated March 23, 2009, filed by plaintiff against defendant, alleging that plaintiff was hired in July 2002, injured in April 2006, had a workers' compensation claim accepted, was off work from October 2006 to March 2008, has physical limitations of the right hand or wrist, could perform his job with right arm in a sling, can do his job with accommodation, found out in March 2008 that he was terminated, has been treated differently and terminated due to his physical disability and workers' compensation claim, and citing to "ORS 659A.112 & 659A.040"[3]; (2) a two-page document from the United States Equal Opportunity Commission (EEOC) dismissing plaintiff's claim because the EEOC "has adopted the findings of the state or local fair employment practices agency that investigated this charge," and informing plaintiff of his right to sue[4]; (3) a two-

---

[3]    The first statute prohibits discrimination against persons with disabilities.  Or. Rev. Stat. §§ (O.R.S.) 649A.103-659A.145.  The second prohibits discrimination and retaliation against injured workers.  O.R.S. 659A.040-659A.052.

[4]    A right to sue letter such as the one received by plaintiff in this case has no bearing on the merits of a complaining party's claim.  The letter, instead, certifies that the complaining party has exhausted administrative remedies, acknowledges that the EEOC does not want to pursue the action on the complaining party's behalf, and gives the complaining party ninety days "after the giving of such notice" to bring suit.  See

5 - FINDINGS & RECOMMENDATION

page letter dated April 30, 2008, from SAIF Corporation Claims
Adjuster Steven Tacy to "Ms. Garcia" of the Investigations and
Sanctions Unit of the Oregon Workers' Compensation Division,
responding to Garcia's April 11, 2008 request regarding a March 31,
2008 complaint filed by plaintiff alleging that SAIF failed to
timely pay temporary disability from the date of his April 1, 2006
injury to March 31, 2008; (4) a one-page document with "attendance
policies" and a list of upcoming events for November and December
2006, which plaintiff identifies as being part of a monthly
newsletter of defendant's; and (5) two pages of what plaintiff
identifies as a transcript of a June 9, 2009 Workers' Compensation
Board hearing transcript.

STANDARDS

I. Rule 8

        Federal Rule of Civil Procedure 8 "requires a complaint to
contain only (1) a statement of jurisdiction, (2) 'a short and
plain statement of the claim showing that the pleader is entitled
to relief,' and (3) 'a demand for judgment for the relief the
pleader seeks.'" Walsh v. Nevada Dep't of Human Resources, 471
F.3d 1033, 1036 (9th Cir. 2006) (quoting Rule 8(a)).  However,
while the "pleading standard Rule 8 announces does not require
detailed factual allegations, [] it demands more than an unadorned
the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal,
129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).  "A

---

42 U.S.C. § 2000e-5(e) & (f)(1).

1  pleading that offers labels and conclusions or a formulaic

2  recitation of the elements of a cause of action will not do . . .

3  . Nor does a complaint suffice if it tenders naked assertions

4  devoid of further factual enhancement." Id. (citation and internal

5  quotation omitted).

6  II.  Rule 12

7      On a motion to dismiss, the court must review the sufficiency

8  of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

9  All allegations of material fact are taken as true and construed in

10 the light most favorable to the nonmoving party. American Family

11 Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120

12 (9th Cir. 2002).  However, the court need not accept conclusory

13 allegations as truthful. Holden v Hagopian, 978 F.2d 1115, 1121

14 (9th Cir. 1992).

15     A motion to dismiss under Rule 12(b)(6) will be granted if

16 plaintiff alleges the "grounds" of his "entitlement to relief" with

17 nothing "more than labels and conclusions, and a formulaic

18 recitation of the elements of a cause of action[.]" Bell Atlantic

19 Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations

20 must be enough to raise a right to relief above the speculative

21 level, . . . on the assumption that all the allegations in the

22 complaint are true (even if doubtful in fact)[.]" Id. (citation

23 and footnote omitted).

24     To survive a motion to dismiss, the complaint "must contain

25 sufficient factual matter, accepted as true, to state a claim to

26 relief that is plausible on its face[,]" meaning "when the

27 plaintiff pleads factual content that allows the court to draw the

28 reasonable inference that the defendant is liable for the

7 - FINDINGS & RECOMMENDATION

1  misconduct alleged." Iqbal, 129 S. Ct. at 1949 (internal quotation

2  omitted).  Additionally, "only a complaint that states a plausible

3  claim for relief survives a motion to dismiss." Id. at 1950.  The

4  complaint must contain "well-pleaded facts" which "permit the court

5  to infer more than the mere possibility of misconduct."  Id.

6                                DISCUSSION

7  I.  Rule 8

8       Defendant moves to dismiss the Amended Complaint on the basis

9  that its allegations fail to comply with Rule 8.[5]  Although I

10 disagree with defendant's argument as to the jurisdictional

11 allegations, I agree with defendant otherwise.

12      As Judge Redden thoroughly explained in his July 19, 2010

13

14 _____

15      [5]  Defendant argues that only the pages labeled "Complaint

16 Amendment(s)" and Charges", at pages 3 and 4, should be

17 considered because, according to defendant, the pages labeled

18 "Brief Summary" and "Exhibit Summary," at pages 10-12, are, at

19 best, attachments to the Amended Complaint.  I disagree.  While

20 the eight pages of exhibits are sandwiched between pages 1-4, and

21 10-12, I consider the allegations at pages 10-12 to be part of

22 the Amended Complaint.

23

24      Additionally, under Federal Rule of Civil Procedure 10(c),

25 it is appropriate to consider the contents of the exhibits.  Fed.

26 R. Civ. P. 10(c) ("A copy of a written instrument that is an

27 exhibit to a pleading is a part of the pleading for all

28 purposes.").

8 - FINDINGS & RECOMMENDATION

1  Order, Rule 8 requires a pleading to contain "a short and plain
2  statement of the grounds for the court's jurisdiction[.]" Fed. R.
3  Civ. P. 8(a)(1).  I need not repeat Judge Redden's discussion of
4  this issue.  See July 19, 2010 Ord. at pp. 4-5.

5      The Amended Complaint contains no statement of jurisdiction.
6  But, it does contain repeated and scattered references to various
7  federal statutes.  See, e.g., Am. Compl. at p. 4 (alleging that the
8  EEOC gave plaintiff permission to "file a Federal or State lawsuit
9  under (Title VII), The American with Disabilities Act"); p. 10
10 (asking the "Federal District Court to re-consider 'Complaint
11 Amendments' to re-consider re-Instatement of this case Federal
12 lawsuit under (Title VII), Private Suit Rights Equal Pay Act"), p.
13 11 (asking to reinstate the case under "(Title VII), The American
14 with Disabilities Act, the Genetic Information Nondiscrimination
15 Act, or the Age Discrimination in Employment Act").  I construe
16 these references as an attempt to assert jurisdiction based on a
17 federal question.[6]

18     As to the substantive allegations, as Judge Redden explained
19 in his Order, Rule 8 requires plaintiff to allege a "short and
20 plain statement of the claim showing that the pleader is entitled
21 to relief[.]" Fed. R. Civ. P. 8(a)(2).  Moreover, if the factual
22 elements of a cause of action are scattered throughout the
23 complaint, but are not organized into a "short and plain statement
24 of the claim," dismissal for failure to satisfy Rule 8(a) is

25 _____

26     [6]  I note that if there is federal jurisdiction based on a
27 federal question, plaintiff may also be able to bring
28 supplemental state law claims under 27 U.S.C. § 1367.

9 - FINDINGS & RECOMMENDATION

1   proper.    See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640

2   (9th Cir. 1988).   Here, the allegations in the Amended Complaint

3   fall short of this requirement.

4        Plaintiff's allegations are essentially "naked assertions

5   devoid of [the requisite] factual enhancement."   While it is clear

6   that plaintiff contends he was once employed by defendant, suffered

7   an on-the-job injury, and believes he was unfairly treated and/or

8   terminated, the allegations fail to inform defendant of enough

9   particulars of these events so that defendant can understand the

10  claims asserted against it.    They are also presented in a

11  scattered, haphazard matter, with some of the relevant information

12  contained in the exhibits, and some in various pages of the Amended

13  Complaint.

14       Adding to the problem is that plaintiff's references to a

15  variety of federal statutes are disconnected, isolated references

16  which fail to tie specific factual assertions to the statutes

17  allegedly violated.   Because the allegations are untethered to any

18  specific claim, plaintiff fails to give defendant fair notice of

19  the claims under which plaintiff intends to proceed or the grounds

20  upon which he bases his claims.

21  II.  Rule 12

22       Even if plaintiff's Amended Complaint complied with the

23  requirements of Rule 8, I agree with defendant that he fails to

24  state a claim under Rule 12, and furthermore, that most of his

25  claims, to the extent they can be understood, should be dismissed

26  for failure to exhaust administrative remedies.

27       As noted above in Twombly, the Supreme Court emphasized that

28  while a plaintiff need not plead all the facts that support his

10 - FINDINGS & RECOMMENDATION

claim, a mere "formulaic recitation of the elements of a cause of action will not do[.]"   Twombly, 550 U.S. at 555.   "Factual allegations must be enough to raise a right to relief above the speculative level."   Id.

The Amended Complaint makes reference to the following federal statutes:   Title VII, the Americans with Disabilities Act (ADA), the "Private Suit Rights Equal Pay Act," the Fair Labor Standards Act, the Labor/Management Reporting & Disclosure Act, the Genetic Information Nondiscrimination Act, and the Age Discrimination in Employment Act.

Except for the Americans with Disabilities Act (ADA), plaintiff's allegations fail to state any facts which could be construed to form a claim based on any of these statutes.   There simply are no allegations whatsoever to support a claim for violation of any of the non-ADA statutes.   Thus, plaintiff fails to allege facts showing that a claim under any of these statutes (other than the ADA), is plausible.

As to the ADA, the Amended Complaint is capable of suggesting that plaintiff was employed by defendant and suffered an on-the-job injury in April 2006.   Putting aside any facts asserted in the exhibits included in the Amended Complaint, it appears that plaintiff's April 2006 injury concerned his right wrist.   Am. Comp. at p. 10 (referring to brace on right hand and right wrist).   Even when the exhibits are considered, the information concerning the nature of the injury is still limited.   Exh. 1 to Am. Compl. (BOLI Complaint asserts plaintiff has no use of his right hand or wrist, affecting writing and personal hygiene, but fails to explain the cause of the problem).

11 - FINDINGS & RECOMMENDATION

1    While the Amended Complaint indicates that plaintiff was
2  terminated, it is unclear when he was terminated.  See Am. Compl.
3  at p. 12 (containing references to a possible resignation in
4  November 2006 and to learning in March 2007 that he would not be
5  scheduled to work).  Even when the exhibits are considered, the
6  termination date remains unclear.  Exh. 1 to Am. Compl. (stating in
7  BOLI Complaint that "I found out in March 2008 that I was
8  terminated," making it unclear if he was terminated in March 2008,
9  or that in March 2008, he learned of an earlier termination).
10   Whether these facts are sufficient to state an ADA claim is
11 a close call.  I recognize that the allegations in a pro se
12 plaintiff's complaint must be liberally construed.  But, plaintiff
13 fails to allege the following basic elements of a disparate
14 treatment ADA claim:  (1) that he is disabled within the meaning of
15 the ADA; (2) that he is able to perform the essential functions of
16 the job with or without reasonable accommodation; and (3) that he
17 suffered an adverse employment decision because of his disability.
18 42 U.S.C. §§ 12112(a), (b)(5)(A), 12111(8); Nunes v. Wal-Mart
19 Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).  Additionally,
20 he fails to allege facts supporting these elements.  He also fails
21 to indicate the precise nature of this ADA claim, meaning whether
22 it is based on a theory of disparate treatment, failure to
23 accommodate[7], or both.  As such, plaintiff's putative ADA claim

24

25    [7] An employer violates the ADA by "not making reasonable
26 accommodations to the known physical or mental limitations of an
27 otherwise qualified individual with a disability ... unless [the
28 employer] can demonstrate that the accommodation would impose an
12 - FINDINGS & RECOMMENDATION

1  fails to contain "well-pleaded facts" which allow the court to
2  "infer more than the mere possibility of misconduct."  Thus, any
3  ADA claim should be dismissed.  And, should plaintiff choose to
4  amend his complaint again, allegations supporting an ADA claim must
5  be articulated.[8]

6

7  _____

8  undue hardship on the operation of the business of the employer."
9  42 U.S.C. § 12112(2)(5)(A).  Failure to accommodate is also a
10  violation of Oregon disability law. O.R.S. 659A.112.

11     [8]  The same is true for any supplemental state claim that
12  plaintiff may want to bring.  The elements of a claim under
13  Oregon's disability discrimination statute, O.R.S. 659A.112,
14  mirror those for an ADA claim.  See Snead v. Metropolitan
15  Property & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001)
16  (elements for establishing disability discrimination under Oregon
17  law identical to the ADA).  A workers' compensation
18  discrimination claim under Oregon law is a separate theory of
19  relief, however, and relies on separate elements.  The elements
20  of such a claim under O.R.S. 652.040 are (1) that the plaintiff
21  invoked the workers' compensation system; (2) that the plaintiff
22  was discriminated against in the tenure, terms or conditions of
23  employment; and (3) that the employer discriminated against the
24  plaintiff in the tenure or terms of employment because he or she
25  invoked the workers' compensation system.  See Williams v.
26  Freightliner, LLC, 196 Or. App. 83, 90, 100 P.3d 1117, 1121
27
28

13 - FINDINGS & RECOMMENDATION

1    Finally, as to defendant's exhaustion argument, I agree with

2 defendant that the Amended Complaint fails to show that plaintiff

3 has exhausted his administrative remedies as to several of his

4 claims and thus, for that additional reason, those claims should be

5 dismissed.

6    To the extent plaintiff attempts to bring Title VII, ADA, Age

7 Discrimination in Employment Act (ADEA), or Genetic Information

8 Nondiscrimination Act (GINA) claims, he must first have exhausted

9 his administrative remedies. E.g., Josephs v. Pacific Bell, 443

10 F.3d 1050, 1061 (9th Cir. 2006) (plaintiff must file administrative

11 charge before filing ADA suit in federal court); Lyons v. England,

12 307 F.3d 1092, 1103 (9th Cir. 2002) ("a plaintiff is required to

13 exhaust his or her administrative remedies before seeking

14 adjudication of a Title VII claim"); Sanchez v. Pacific Powder Co.,

15 147 F.3d 1097, 1099 (9th Cir. 1998) (same for ADEA claims); 29

16 C.F.R. § 1635.10 (new regulation adopted for GINA claims,

17 incorporating, by reference, administrative remedy requirement from

18 other discrimination statutes); Regulations Under the Genetic

19 Information Nondiscrimination Act of 2008, 75 Fed. Reg. 68912-01

20 (Nov. 9, 2010) (codified at 29 C.F.R. § 1635) (full text of final

21 rules implementing Title II of GINA).

22    "The administrative charge requirement serves the important

23 purposes of giving the charged party notice of the claim and

24 narrowing the issues for prompt adjudication and decision." B.K.B.

25 v. Maui Police Dep't., 276 F.3d 1091, 1099 (9th Cir. 2002)

26 (internal quotation omitted). Thus, courts may not consider

27 _____

28 (2004).

14 - FINDINGS & RECOMMENDATION

allegations of discrimination not included in the plaintiff's administrative charge "unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Id. at 1100 (internal quotation omitted).

A plaintiff's civil claim is reasonably related to the allegations in the EEOC charge "to the extent that those claims are consistent with the plaintiff's original theory of the case." Id. Courts will not dismiss discrimination claims for failure to exhaust if the allegations "either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id.

As noted above, plaintiff's BOLI complaint cites to O.R.S. 659A.112 and O.R.S. 659A.040. Citation to these statutes, and the contents of the BOLI complaint, sufficiently assert a claim for disability discrimination. Even though the BOLI complaint did not cite to the ADA, an ADA claim is reasonably related to the allegations asserted. Additionally, in Oregon, a BOLI filing also constitutes a federal filing with the EEOC. Jensen v. Sweet Home Lodge No. 1972 of Benev. and Protective Order of Elks of U.S., No. CV-06-6329-AA, 2007 WL 3051657, at *1 (D. Or. Oct. 16, 2007). There is no question that plaintiff filed this suit within 90 days of the date of the EEOC's May 21, 2010 right-to-sue letter. Exh. 2 to Am. Compl.

While the ADA claim is related to the claims and allegations raised in the BOLI complaint, the Title VII, GINA, and ADEA claims are not. The BOLI complaint makes no mention of discrimination based on any of the protected classes in those statutes such as

15 - FINDINGS & RECOMMENDATION

race, ethnicity, gender, religion, age, or genetic information. Thus, any claims brought under those statutes are should be dismissed for the additional reason that plaintiff failed to exhaust his administrative remedies before filing in this court. Finally, as to any claim brought under the "Labor/Management Reporting & Disclosure Act," such claims require exhaustion of applicable grievance or arbitration processes under the collective bargaining agreement. <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 985 (9th Cir. 2007).  No allegations supporting such exhaustion are in the Amended Complaint and thus, any claim brought under that statute should be dismissed.

Plaintiff's claims should be dismissed under Rule 8, or alternatively Rule 12. Additionally, plaintiff's Title VII, GINA, ADEA, or Labor Management Relations Act claims, should be dismissed for failure to exhaust administrative remedies.

CONCLUSION

Defendant's motion to dismiss [14] should be granted. Plaintiff has been given one previous opportunity to amend his complaint to comply with Rule 8.  Given his pro se status, I recommend allowing plaintiff one additional opportunity to amend his complaint to comply with both Rule 8 and Rule 12, within thirty (30) days of the district judge's opinion and order reviewing this Findings and Recommendation.  Should plaintiff fail to submit a second amended complaint, or submit one still not compliant with the rules, the action should be dismissed with prejudice.

SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due April 4, 2011.  If no

16 - FINDINGS & RECOMMENDATION

objections are filed, then the Findings and Recommendation will go

under advisement on that date.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

   If objections are filed, then a response is due  April 21, 2011.   When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

   IT IS SO ORDERED.

                    Dated this 15th  day of April , 2011

                              /s/ Dennis J. Hubel

                              _____
                              Dennis James Hubel
                              United States Magistrate Judge

17 - FINDINGS & RECOMMENDATION