IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JAMES WILLIAM ROBINSON**,

    Plaintiff,                       No. CV 10-723-HU

    v.                               OPINION AND ORDER

**STARPLEX/CMS EVENT SECURITY**,

    Defendant.

    **MOSMAN, J.**,

On March 15, 2011, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") (#18) in the above-captioned case recommending that I grant defendant's motion to dismiss (#14) and dismiss Mr. Robinson's complaint with leave to amend. Starplex/CMS Event Security ("Starplex") filed objections (#20). Mr. Robinson did not file a response. I adopt the F&R as my own opinion.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Starplex objects to the recommendation that Mr. Robinson be granted leave to amend. Mr. Robinson's complaint has already been dismissed once (Order (#5) 7), and Starplex argues Mr. Robinson has had "a second bite at the apple," so further amendments should be denied. (Objections (#20) 2.)

The decision to grant leave to amend is discretionary, but courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments must be allowed with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

Starplex argues that leave to amend should be denied because Mr. Robinson has repeatedly failed to fix the problems with his complaint and it is unlikely that further amendments will help. (Objections (#20) 2–7.) I disagree. Mr. Robinson has had only one opportunity to amend his complaint, and the F&R mentions several allegations that might be formed into claims. Given the extreme liberality offered to pro se litigants to amend their

2 – OPINION AND ORDER

complaints, I am not required to deny leave to amend after only one amendment which contains potential claims.

## CONCLUSION

I ADOPT Judge Hubel's F&R (#18) as my own opinion, and I DISMISS Mr. Robinson's first amended complaint with leave to amend within 30 days of this Opinion and Order.

IT IS SO ORDERED.

DATED this   20th   day of April, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court