IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JAMES WILLIAM ROBINSON,**

        Plaintiff,

        v.

**STARPLEX/CMS EVENT SECURITY,**

        Defendant.

Civ. No. 3:10-cv-00723-HU

OPINION AND ORDER

**MOSMAN, J.**,

On June 22, 2011, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [29] in the above-captioned case recommending that defendant's Motion to Dismiss [23] be granted and that this matter be dismissed with prejudice.[1] Plaintiff filed a document titled "Amendment Brief Summary Statements" on July 11, 2011 [32]. On July 25, 2011, plaintiff filed a document titled "Motion for Supplementary Brief Statements" [33]. Defendant has not responded to either filing.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

---

[1] Judge Hubel issued Findings and Recommendation [27] on June 22, 2011, but later the same day amended his Findings and Recommendation to correct a docket number. This Opinion and Order addresses only the amended and corrected version of the F&R [29].

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

I agree with Judge Hubel's analysis regarding the complaint's deficiencies and will not repeat it here.  I also agree with Judge Hubel's recommendation that dismissal be with prejudice, rather than with leave to amend.  However, because leave to amend should generally be granted liberally, especially to pro se litigants, this conclusion warrants additional explanation.  *See Eminence Capital v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

"The decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original).  "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad."  *Zucco Partners v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quotation and citation omitted).

As explained by Judge Hubel, plaintiff has now had three opportunities to file a valid complaint. (F&R (#29) 2-4). He has also already had the benefit of two orders explaining pleading requirements under the Federal Rules of Civil Procedure and why his filings failed to satisfy those requirements. *Id*. Nevertheless, his third attempt at a sufficient complaint was also inadequate. Given plaintiff's repeated failures to adequately plead a claim for relief, dismissal with prejudice is appropriate. *Destfino v. Reiswig,* 630 F.3d 952, 958–59 (9th Cir. 2011) (finding dismissal of complaint with prejudice proper because the plaintiffs "had three bites at the apple, and the court acted well within its discretion in disallowing a fourth"); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (dismissal with prejudice was proper "in light of [plaintiff's] repeated failure to cure the deficiencies in his pleadings").

Plaintiff's filings of July 11, 2011, and July 25, 2011, do not change this result. Construed as objections to the F&R,[2] they do not present any coherent argument that the Second Amended Complaint was adequately pled. They also fail to explain why plaintiff has not yet been able to file an adequate complaint. Nor do they suggest that plaintiff can now make allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the filings include only more disjointed and confusing allegations, none of which add any clarity to plaintiff's claim. And while plaintiff's July 11, 2011, filing identifies a variety of federal statutes, he has again made no connections between those statutes and any of his factual assertions. (F&R of Apr. 15, 2011 (#18) 9-15) (explaining why scattered references to various federal statutes in plaintiff's First Amended Complaint were insufficient). Thus, the basis for plaintiff's claim remains unidentified and his two filings since the F&R do not warrant yet another opportunity to amend.

---

[2] Plaintiff's July 25, 2011, "Motion for Supplementary Brief Statements" [33], while titled a "motion," appears to simply object to Judge Hubel's conclusions. Although it was filed after the deadline for objections, I will consider it. For the reasons expressed herein, it does not affect my conclusion.

3 – OPINION AND ORDER

Upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R [29] as my own opinion.

IT IS SO ORDERED.

DATED this   22nd   day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER